UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

************************************
AMBER FAUST,                    *        Civil Action No. _____
                                *
     Plaintiff,                 *
                                *        District Judge _____
vs.                             *
                                *
LEGACY AUTOMOTIVE GROUP, LLC    *        Magistrate Judge _____
                                *
     Defendant.                 *
                                *
************************************

## COMPLAINT AND JURY DEMAND

### I.   Nature of Action

1. This is an action brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. and its implementing Regulation Z, 12 C.F.R. Part 226 (collectively "TILA").

### II.   Jurisdiction and Venue

2. This Court has jurisdiction under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district.

### III.   Parties

4. Plaintiff, Amber Faust ("Plaintiff"), is a natural person who at all relevant times resided in the State of Louisiana, Parrish and City of Natchitoches.

5. Defendant, Legacy Automotive Group, LLC ("Defendant"), is a Louisiana corporation who at all relevant times was engaged in the business of selling and financing motor vehicles.

6. At all relevant times, Defendant, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable.

7. Defendant is a creditor within the meaning of the Truth in Lending Act, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. 226.2(17).

### IV.    Factual Allegations

8. On or about March 15, 2015, Plaintiff visited Defendant's dealership to shop for an automobile to be used for personal, family or household purposes.

9. Plaintiff selected a 2010 Hyundai Santa Fe (the "Vehicle") and agreed to purchase the Vehicle from Defendant.

10. To finance the purchase of the Vehicle, Plaintiff executed a separate retail installment contract (the "Contract") with Defendant, dated March 19, 2015.

11. A true and correct copy of the Contract is attached to this complaint as Exhibit A.

12. During the subsequent negotiations for the financing of the Vehicle, Defendant's employee stated to Plaintiff that she was required to purchase a service contract in order for the financing for the Vehicle to be approved.

13. Plaintiff purchased a service contract for the Vehicle based upon Defendant's representations that it was required in order to obtain financing.

14. The Truth in Lending Disclosure provided to Plaintiff disclosed an annual percentage rate of 27.84%, a finance charge of $13,756.35, and an amount financed of $15,896.85.

15. The Itemization of Amount Financed disclosed that Plaintiff purchased the service contract at a price of $2,500.00 and included that amount in the amount financed disclosed in the Contract.

16. The Truth in Lending Act, 15 U.S.C. § 1605(a), 12 C.F.R. 226.4(a) instructs that the Finance Charge "includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit."

17. Defendant required the purchase of a service contract as a condition of financing the transaction, and as such, the TILA requires the price of the service contract to be included as a finance charge in calculating the amount financed, the annual percentage rate, and the finance charge on the Contract.

18. Because Defendant did not include the $2,500.00 charged for the service contract in the finance charge in the Contract, Defendant did not disclose the actual finance charge associated with the transaction in the Truth in Lending disclosures provided to Plaintiff.

19. Because Defendant did not include the $2,500.00 charged for the service contract in the finance charge in the Contract, Defendant did not disclose the actual

finance charge expressed as an "annual percentage rate" in the Truth in Lending disclosures provided to Plaintiff.

20. Because Defendant did not include the $2,500.00 charged for the service contract in the amount financed, Defendant did not disclose the actual amount financed in the Truth in Lending disclosures provided to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1638(a)(2)

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. Defendant violated 15 U.S.C. § 1638(a)(2) when it failed to accurately disclose the amount financed to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

1. Adjudging that Defendant violated 15 U.S.C. § 1638(a)(2) and Regulation Z, 12 C.F.R. 226.18(b);

2. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge;

3. Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1640(a)(1);

4. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

5. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

6. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1638(a)(3)

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. Defendant violated 15 U.S.C. § 1638(a)(3) when it failed to accurately disclose the finance charge to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1638(a)(3) and Regulation Z, 12 C.F.R. 226.18(d);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1640(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1638(a)(4)

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendant violated 15 U.S.C. § 1638(a)(4) when it failed to accurately disclose the finance charge expressed as an "annual percentage rate" to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 C.F.R. 226.18(e);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1640(a)(2), in the amount of twice the finance charge;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1640(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

7. Awarding such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DATED this 4 February 2016.

Law Office of Ashley J. Scott, PLLC

/s/ Ashley J. Scott
Ashley J. Scott
LA State Bar No. 34081
927 Nashua Street
Houston, TX 77008
Telephone: (888) 332-7252 ext. 275
Facsimile: (866) 317-2674
ascott@consumerlawinfo.com

Correspondence Address:
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
tclg@consumerlawinfo.com

Attorneys for Plaintiff Amber Faust